THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Lavar Patrick
 Sanders, Appellant.
 
 
 
 
 

Appeal From Sumter County
 R. Ferrell Cothran, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-217   
Submitted May 1, 2011  Filed May 17, 2011

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek,
 of Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General David Spencer, all of
 Columbia; and Cecil Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM: Lavar
 Patrick Sanders appeals his conviction for possession with intent to distribute
 cocaine within one-half mile of a park.  He argues the trial court erred in
 charging the jury on the statutory inference regarding intent to distribute because
 the trial court failed to use specific language instructing the jury that it
 was free to accept or reject the inference.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v.
 Simmons, 384 S.C. 145, 178, 682 S.E.2d 19, 36 (Ct. App. 2009) ("A jury
 charge is correct if, when the charge is read as a whole, it contains the
 correct definition and adequately covers the law." (citation omitted)); State
 v. Adkins, 353 S.C. 312, 318-19, 577 S.E.2d 460, 464 (Ct. App. 2003) ("The
 substance of the law is what must be charged to the jury, not any particular
 verbiage." (citations omitted)); see also State v. Gathers,
 295 S.C. 476, 481, 369 S.E.2d 140, 143 (1998) (holding that a defendant's
 argument that an instruction on the inference of implied malice was not
 "burden shifting" because "[n]owhere in the charge does the
 judge mention the need for rebuttal or explanation of the evidence presented by
 the State" and "the judge's charge comports with the requirement that
 it is for the jury to determine from all the evidence whether or not malice is
 proven" (citation omitted)).
AFFIRMED.
FEW, C.J., HUFF and
 THOMAS, JJ. concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.